# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLINTON STRANGE,<br>    Plaintiff,<br>                          v.<br>SPP, Inc.,<br>    Defendant. | Civil Action No.<br>1:21-cv-03052-SDG |

## OPINION AND ORDER

This matter is before the Court on Defendant SPP, Inc.'s motion to dismiss [ECF 26]. For the following reasons, this action is **DISMISSED** because Plaintiff Clinton Strange's federal claim is time-barred and the Court declines to exercise supplemental jurisdiction over Strange's remaining state-law claims.

**I.    Background**

Strange initiated this action on January 20, 2021, in the District Court for the District of Arizona.[1] The original Complaint named as defendants SP Processing, LLC and Suren Prasad (a member of SP Processing), asserting claims based on violations of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act (FDCPA), and various Louisiana tort statutes.[2] Strange alleged that

---

1    ECF 1.

2    *Id.* ¶ 1.

SP Process and Prasad had undertaken steps to collect alleged consumer debts from him—including sending him several autodialed text messages.[3]

On May 18, 2021, the Clerk for the District of Arizona entered default against SP Processing and Prasad.[4] On July 19, Strange moved to transfer venue to this Court because he had "discovered" the "correct" Defendant was SPP.[5] Strange's motion was granted on July 29 and the action was transferred here.[6] On August 25, Strange moved to substitute SPP for SP Processing and to voluntarily dismiss Prasad.[7] Based on Strange's mistaken belief that SP Processing was the correct party and the apparent lack of prejudice, the Court permitted the substitution on December 2.[8] The Court directed Strange to file an amended complaint and serve it on SPP.[9]

On January 3, 2022, Strange filed his amended pleading naming SPP as Defendant.[10] He asserted causes of action under the FDCPA, the Georgia Fair

---

[3] *Id.* ¶¶ 12–15, 20, 22, 24.

[4] ECF 13.

[5] ECF 15.

[6] ECF 16.

[7] ECF 20.

[8] ECF 21.

[9] *Id.* at 3.

[10] ECF 22.

Trade Practices Act (GFTPA), and the Georgia Unfair and Deceptive Fair Trade Practices Toward the Elderly Act (GUDTPEA).[11] Strange served SPP on January 6.[12] On February 8, SPP moved to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.[13] Strange opposed, and SPP filed a reply.[14]

## II.     Discussion

SPP asserts that Strange's FDCPA claim is time-barred. Since that cause of action is the one on which federal jurisdiction is based, SPP argues that without it the Court lacks the power to hear Strange's remaining state-law claims. When a statute of limitations defense "clearly appears on the face of the complaint," a court may appropriately grant a motion to dismiss. *Quiller v. Barclay's Am./Credit, Inc.*, 727 F.2d 1067, 1069 (1984), *aff'd*, 764 F.2d 1400 (11th Cir. 1985) (en banc). This is because the pleading

> has a built-in defense and is essentially self-defeating. The problem is not that plaintiff merely has anticipated and tried to negate a defense he believes his opponent will attempt to use against him; rather plaintiff's own allegations show that the defense exists.

---

[11]    *See generally id.*

[12]    ECF 24.

[13]    ECF 26.

[14]    ECF 29; ECF 30.

*Id.* (cleaned up). *See also, e.g., Bruce v. U.S. Bank Nat'l Assoc.*, 770 F. App'x 960 (11th Cir. 2019) (per curiam) (upholding dismissal with prejudice of time-barred FDCPA claim on motion to dismiss); *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (dismissal under Rule 12(b)(6) is appropriate when it is apparent from the face of the pleading that the claim is time-barred).

That the Court permitted Strange to substitute SPP as Defendant does not preclude the current motion to dismiss. A court has extensive discretion to permit an amendment of a pleading. Fed. R. Civ. P. 15(a)(2). Although such leave can be denied "when the amendment would prejudice the defendant, follows undue delays, or is futile," *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999), the statute of limitations is an affirmative defense that can be waived, Fed. R. Civ. P. 8(c)(1); *La Grasta*, 358 F.3d at 845. So, although the Court permitted the substitution of SPP, SPP is still entitled under these circumstances to defend against Strange's claims based on the statute of limitation.

### A.   FDCPA

SPP argues that Strange's FDCPA claim is time-barred because it was filed more than one year after the alleged violative text messages were sent.[15] And,

---

15   ECF 26-1, at 3–7.

indeed, 15 U.S.C. § 1692k(d) provides that any "action to enforce any liability" under the FDCPA "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." Strange's FDCPA claim is based on six allegedly auto-dialed text messages made to his cellphone between July and August 2020.[16] In fact, the Amended Complaint does not detail any specific conduct in which SPP allegedly engaged after July 31, 2020.[17] In response, Strange asserts that he timely initiated suit on January 20, 2021.[18] SPP counters that it was not named as Defendant until after the limitations period had expired and that there is no relation back.

Under Rule 15, an amendment to a pleading relates back to the filing of the original pleading where (among other things)

> B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided

---

[16] ECF 22, ¶ 17.

[17] *See generally* ECF 22.

[18] ECF 29, at 2.

> by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). "As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint ***and the defendant was put on notice of the claim by the first complaint***" the amendment will relate back. *Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968) (citations omitted) (emphasis added).

Here, there is no indication that SPP had notice of the lawsuit or any reason to know it was the correct Defendant within the 90 days permitted for service of the original pleading. "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Nothing in the record suggests that requirements of Rule 15(c)(1)(C) have been met. Strange's FDCPA claim is therefore time-barred.

### B. State-law claims

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise jurisdiction over purely state-law claims when it has dismissed the claims over which it has original jurisdiction. *Id.* § 1367(c)(3).

Strange based jurisdiction in this case on a federal question, 15 U.S.C. § 1331, and supplemental jurisdiction, 15 U.S.C. § 1367.[19] Strange's FDCPA cause of action is the only federal claim here, and it is time-barred. The Court therefore declines to exercise its discretion over Strange's remaining GFTPA and GUDTPEA claims. *Bruce*, 770 F. App'x at 966.

### III. Conclusion

Strange's claim under the Fair Debt Collection Practices Act (Count I) is **DISMISSED WITH PREJUDICE** as time-barred. Strange's claims under the Georgia Fair Trade Practices Act (Count II) and the Georgia Unfair and Deceptive Fair Trade Practices Toward the Elderly Act (Count III) are **DISMISSED**

---

19   ECF 22, ¶¶ 2–3.

**WITHOUT PREJUDICE** because the Court declines to exercise jurisdiction over them under 28 U.S.C. § 1367(c).

The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 24th day of August, 2022.

_____
Steven D. Grimberg
United States District Court Judge